Commonwealth *v.* Libbey.

---

### COMMONWEALTH *vs.* WILLIAM F. LIBBEY.

A person, who is employed to collect bills for the proprietors of a newspaper establishment, and converts to his own use the money which he collects for them, is not such an agent or servant as is intended by the Rev. Sts. *c.* 126, § 29, which prescribe the punishment of embezzlement by agents and servants.

THIS was an indictment on the Rev. Sts. *c.* 126, § 29, which provide (among other things) that "if any agent, clerk, or servant of any private person, or of any copartnership, shall embezzle, or fraudulently convert to his own use, or shall take, or secrete, with intent to embezzle and convert to his own use, without consent of his employer or master, any money or property of another, which shall have come to his possession, or shall be under his care, by virtue of such employment, he shall be deemed, by so doing, to have committed the crime of simple larceny."

At the trial in the municipal court, before *Cushing*, J. it appeared that the defendant had been employed by White, Lewis & Co., publishers of a newspaper called the New England Washingtonian, to collect their bills, for a commission of ten per cent : That in the course of this employment, he had

received parcels of bills, at three several times, on the first two of which he had made collections, for which he had duly accounted to his employers, paying over the money received, deducting his commission: That the last parcel was collected by him, but that the bills were never accounted for, nor the money paid over by him; and that he had admitted that he had converted the proceeds to his own use.

The judge instructed the jury, that the defendant was a servant or agent of White, Lewis & Co., within the aforesaid statute provision, and the jury returned a verdict of guilty. But as the question of law was, in the opinion of the judge, so doubtful as to require the decision of the supreme judicial court, he made the foregoing report of the case, pursuant to the Rev. Sts. *c.* 138, § 12.

*J. F. Moore*, for the defendant.

*S. D. Parker*, for the Commonwealth.

DEWEY, J. In the case of *Commonwealth* v. *Stearns*, 2 Met. 343, cited by the defendant's counsel, it was decided, that an auctioneer who receives money on the sale of his employer's goods, and converts it to his own use, is not such an agent or servant as is intended by the Rev. Sts. *c.* 126, § 29. That case is decisive of the present.

A distinction was suggested by the attorney for the Commonwealth, between the two cases, namely, that an auctioneer is an agent for many persons, and must, of necessity, have the authority to intermingle the moneys received from various sales.

The present case, as stated in the report, sets forth only the agency of the defendant as a collector of bills for a single newspaper establishment; but practically we know very well this class of agents are employed in a collecting tour, by many different offices. We do not, however, think that the liability of the party to the penalties for an act of embezzlement depend so much upon that circumstance as upon the nature of the agency, and more especially upon the right of property in the specific article alleged to have been embezzled.

In the case of a domestic servant, and, to some extent, in

6 *

the case of a special agency, the right of property and the possession continue in the principal, and a disposal of the property would be a violation of the trust, and an act of embezzlement. But cases of commission merchants, auctioneers, and attorneys authorized to collect demands, stand upon a different footing ; and a failure to pay over the balance due to their employers, upon their collections, will not, under the ordinary circumstances attending such agency, subject them to the heavy penalties consequent upon a conviction of the crime of embezzlement.

*New trial ordered.*